DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
Michael A. Humphreys
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) 2:10-CR-00579-GMN-(NJK) |
|  | ) 2:12-CR-00346-GMN-(NJK) |
| CORNELIU WEIKUM, | ) |
| YULIA MISHINA-HEFFRON | ) |
| Defendants. | ) |

**STIPULATED MOTION WITHDRAWING THE CLAIM
AND ANY AND ALL RIGHT, TITLE AND INTERESTS
OF DEBORAH HUTZENBELER AS TO THE FORFEITED ASSETS**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, and Deborah Hutzenbeler (hereinafter, Claimant) respectively, stipulate as follows:

1. This case began as a criminal prosecution against the defendants Corneliu Weikum and Yulia Mishina-Heffron when they were jointly indicted on December 1, 2010, for acts of: bulk cash smuggling, in violation of 31 U.S.C. § 5332(a); structuring, in violation of 31 U.S.C. § 5324(a)(3); structuring international transactions, in violation of 31 U.S.C. § 5324(c)(3); and conspiracy to produce and possess false identification documents, in violation of 18 U.S.C. § 1028(f).

2. The forfeiture allegations in the indictment, as well as a bill of particulars, charged that the seized assets, listed below were proceeds of the crimes that the defendants committed.

   a. $20,000.00 in United States Currency in a package sent by defendant Yulia Mishina-Heffron and seized by Department of Homeland Security - Homeland Security Investigations on or about March 11, 2010;
   b. $1,089,300.00 in United States Currency seized from defendant Corneliu Weikum on or about October 22, 2010, at Las Vegas McCarran International Airport;
   c. $248,800.00 in United States Currency seized by Department of Homeland Security - Homeland Security Investigations from a storage locker in Central District of California and controlled by the defendants on or about June 9, 2010;
   d. $6,560.00 in United States Currency seized from the defendants incident to their arrest on or about November 15, 2010;
   e. a Chanel watch seized from the defendants incident to arrest on or about November 15, 2010; and
   f. two Virtu phones seized from the defendants incident to arrest on or about November 15, 2010 (hereinafter, "defendant properties").

3. The defendants have pled guilty and agreed to the forfeiture of all of the assets listed in paragraph No. 2, above.

4. As a part of the judgment and commitment entered against the defendants, this Court also ordered the defendants to pay restitution to 267 victims of their crimes for a total amount of $4,367,676.38. Corey Hutzenbeler was specifically named in that judgment and commitment order as being owed restitution from the defendants. Deborah Hutzenbeler was not named in that restitution order.

5. Pursuant to that preliminary order of forfeiture, signed by this Court on September 20, 2013 the United States sent written notice to all 267 victims named in that judgment and commitment order, notifying each one that he/she/it/they they could pursue a portion of their respective interests in the forfeited assets in one of three ways:

   a. file a claim pursuant to 21 U.S.C. § 853(n);
   b. file a petition for remission with the Attorney General; or
   c. could, if specifically named in the judgment and commitment order as a beneficiary of a restitution award against the defendants, forego options (a) and (b) and participate in the restoration process, whereby after the final order of

forfeiture has been entered, be administratively paid a portion of his/her losses derived from the forfeiture judgment.

6. On February 20, 2014, Attorney Jeffrey A. Albregts, filed a petition with this Court, in the above-captioned matter, identifying Corey Hutzenbeler and Deborah Hutzenbeler as joint claimants with an interest in the forfeited assets pursuant to 21 U.S.C. 853 (n). Both Attorney Albregts and Deborah Hutzenbeler now acknowledge that her husband, Corey Hutzenbeler, was and is the sole victim in this case as it relates to the criminal acts of the defendants involving the forfeited assets. By virtue of the foregoing, all parties (including the United States and Corey Hutzenbeler) recognize the valid claim and interest of Corey Hutzenbeler in these forfeited assets, while Deborah Hutzenbeler acknowledges that she has no right, title or interest in any of the forfeited assets; and hereby agrees to voluntarily withdraw her claim without reservation and/or condition.

7. By withdrawing her claim/petition, Claimant acknowledges and understands, with her signature below, that she has no right, title and/or interest in the forfeited assets that are the subject of this criminal prosecution and that as to her alone, there will be no further litigation and/or compromised settlement agreement as to any filing that she has made with the Court in connection with this case. By withdrawing her claim/petition herewith, it is the understanding of Deborah Hutzenbeler that the claim made by her husband herein, Corey Hutzenbeler, will not be diminished or reduced in any form or manner as a consequence of as much, meaning the value of the Hutzenbeler claim in this proceeding is the same with our without Mrs. Hutzenbeler.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the defendant properties.

DATED: _____

COTTON, DRIGGS, WALACH

JEFFREY A. ALBREGTS
Counsel for Deborah Hutzenbeler

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court
**DATED: 08/15/2014**

Deborah Hutzenbeler

DATED: 8-11-14

DANIEL G. BOGDEN
United States Attorney

ASSET FORFEITURE ATTORNEY
Assistant United States Attorney

3