# UNITED STATES DISTRICT COURT
District of **Nevada**

| UNITED STATES OF AMERICA | SECOND AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | Case Number: **2:10-cr-579-GMN-NJK-2 and 2:12-cr-346-GMN-NJK-2** |
| YULIA MISHINA-HEFFRON | USM Number: **45523-048** |
| | **John Momot and Yi Lin Zheng, Retained** |
| | Defendant's Attorney |

**Date of Original Judgment:** 1/7/2013
(Or Date of Last Amended Judgment)

### Reason for Amendment:
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664)

### THE DEFENDANT:
☑ pleaded guilty to count(s) **2 of Indictment (2:10-cr-579-GMN-NJK) and Count 1 of Indictment (2:12-cr-346-GMN-NJK).**
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 31 USC § 5316 | Bulk Cash Smuggling | 3/10/2010 | 2 (2:10-cr-579) |
| 18 USC § 1349 | Conspiracy to Commit Bank and Wire Fraud | 11/15/2010 | 1 (2:12-cr-346) |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s) **all remaining** ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/21/2012
Date of Imposition of Judgment

*/s/ signature/*
Signature of Judge

Gloria M. Navarro, Chief Judge        U.S. District Court
Name of Judge                         Title of Judge

8/26/2016
Date

AO 245C (Rev. 09/08 Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment    (NOTE: Identify Changes with Asterisks (*))

Case 2:10-cr-00579-GMN-NJK   Document 238   Filed 08/26/16   Page 2 of 14

Judgment — Page 2 of 6

DEFENDANT: YULIA MISHINA-HEFFRON
CASE NUMBER: 2:10-cr-579-GMN-NJK-2 and 2:12-cr-346-GMN-NJK-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

Sixty (60) months as to Count 2 (2:10-cr-579-GMN-NJK) and Seventy (70) months as to Count 1 (2:12-cr-346-GMN-NJK), to run concurrent.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant be designated to serve her term of incarceration at FCI-Dublin.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____   ☐ a.m  ☐ p.m.  on _____.

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: YULIA MISHINA-HEFFRON
CASE NUMBER: 2:10-cr-579-GMN-NJK-2 and 2:12-cr-346-GMN-NJK-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

Three (3) years as to Count 2 (2:10-cr-579-GMN-NJK) and Three (3) years as to Count 1 (2:12-cr-346-GMN-NJK), to run concurrent.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: YULIA MISHINA-HEFFRON
CASE NUMBER: 2:10-cr-579-GMN-NJK-2 and 2:12-cr-346-GMN-NJK-2

Judgment—Page 4 of 6

# SPECIAL CONDITIONS OF SUPERVISION

1. <u>Possession of Weapons</u> - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. <u>Warrantless Search</u> - You shall submit to the search of your person, property, residence or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. <u>Debt Obligations</u> - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. <u>Access to Financial Information</u> - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. <u>Deportation Compliance</u> - If deported, you shall not reenter the United States without legal authorization.

6. <u>Report to Probation Officer After Release from Custody</u> - If not deported, you shall report in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
                Defendant                                Date


_____     _____
U.S. Probation/Designated Witness             Date

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Case 2:10-cr-00579-GMN-NJK   Document 238   Filed 08/26/16   Page 5 of 14
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: YULIA MISHINA-HEFFRON
CASE NUMBER: 2:10-cr-579-GMN-NJK-2 and 2:12-cr-346-GMN-NJK-2

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 200.00       | $        | $ 4,180,392.52  |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| See attached Restitution List |  | $4,180,392.52 |  |

*Payments shall be made to Clerk of Court in the District of Nevada at 333 Las Vegas Blvd. So. Las Vegas, Nevada 89166.*

| TOTALS | $ 0.00 | $ 4,180,392.52 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

   ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C     (Rev. 09/11) Amended Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments                                                   (NOTE: Identify Changes with Asterisks (*))

Judgment — Page **6** of **6**

DEFENDANT: YULIA MISHINA-HEFFRON
CASE NUMBER: 2:10-cr-579-GMN-NJK-2 and 2:12-cr-346-GMN-NJK-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ☒   Lump sum payment of $ **4,180,592.52** due immediately, balance due

         ☐   not later than _____ , or
         ☒   in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B    ☐   Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C    ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☒   Special instructions regarding the payment of criminal monetary penalties:

        Any remaining restitution balance shall be paid during the term of supervised release at the rate of no less than 10% of gross income, subject to an adjustment by the court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

      Yulia Mishina-Heffron (2:10-cr-579-GMN-NJK-2, 2:12-cr-346-GMN-NJK-2), $4,180,392.52; Corneliu Weikum (2:10-cr-579-GMN-NJK-1, 2:12-cr-346-GMN-NJK-1), $4,180,392.52; Sergej Bugaev (CR-11-1237-SVW-1) $4,180,392.52; Alexander Brem (CR-11-1237-SVW-2) $4,180,392.52; Marina Talashkova (CR-11-1237-SVW-3) $4,180,392.52; Rihards Avotins (CR-11-1237-SVW-4) $4,180,392.52.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
      See attached Final Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| First Name | Last Name | Loss Amount |
|---|---|---|
| Adewumi | Adeniyi | $7,000.00 |
| Gerald Lee | Aftem | $19,900.00 |
| Bridget | Allim | $20,000.00 |
| Riyadh | Almadrhi | $18,000.00 |
| Steven C. | Anderson | $4,800.00 |
| Samuel J. | Arnett | $5,700.00 |
| Damon C. | Atkins | $14,000.00 |
| Jason | Austell | $15,000.00 |
| John | Babcock | $2,250.00 |
| Christopher W. | Baldwin | $14,900.00 |
| James | Balger | $13,250.00 |
| Jim | Barklay | $2,750.00 |
| Charles Richard | Barnes | $19,999.00 |
| Mike | Barry | $9,500.00 |
| Luci | Batson | $10,400.00 |
| Betty J. | Baxter | $9,950.00 |
| Attn: Terry | Bella Casa LLC | $10,801.00 |
| Jamie Rebecca | Benna | $4,636.00 |
| Alan | Benson | $13,165.15 |
| Jared | Bickner | $20,000.00 |
| Jason | Bigelow | $2,400.00 |
| Patrick | Bischoff | $37,000.00 |
| Robert Franklin | Black | $8,450.00 |
| Steven | Blanchard | $42,000.00 |
| Michael | Blewett | $16,900.00 |
| Cheri J. | Boucher | $9,500.00 |
| Kenneth | Boyle | $9,300.00 |
| William | Braun, Jr. | $18,000.00 |
| Wesley | Brewer | $5,200.00 |
| David E. | Brown | $31,555.00 |
| Larry M. | Brown | $37,900.00 |
| Mark | Bruner | $12,200.00 |
| Chandler | Buie | $45,000.00 |
| Damario | Bullock | $2,610.00 |
| Matthew | Burgan | $5,500.00 |
| Sara Anita | Burruel | $5,000.00 |
| Keith & Jackie | Caito | $9,000.00 |
| Robert | Cammarata | $41,000.00 |
| Charles | Campbell | $13,499.00 |
| Alan | Cancro | $46,500.00 |
| Shameika M. | Canty | $11,000.00 |
| Dionisio J. | Caronan | $12,900.00 |
| Ruben | Castaneda | $30,000.00 |
| Roberta | Caswell | $23,000.00 |
| Heidi & Eric | Chan | $29,000.00 |
| Jack | Chang | $4,700.00 |
| Keith | Chapman | $2,900.00 |
| Roger | Chouinard | $6,800.00 |
| Roy | Clay | $34,000.00 |
| Bill | Clothier | $9,800.00 |
| Heidi C. | Clymer | $15,000.00 |

| First Name | Last Name | Amount |
|---|---|---|
| Harold | Coiner | $9,000.00 |
| Ronald P. | Colin | $24,500.00 |
| Billy | Combs | $6,800.00 |
| Autumn R. Conroy | Cornell | $11,000.00 |
| William | Costigan | $25,000.00 |
| Dianna M. | Courntey | $5,200.00 |
| Anthony | Cozlowicz | $2,000.00 |
| Raymond | Daniels | $35,000.00 |
| Shanissa | Daniels | $4,000.00 |
| Juergen | Deforth | $16,400.00 |
| David A. | Delacruz | $13,000.00 |
| Barry | Delong | $17,995.00 |
| Ana | Diaz | $2,500.00 |
| Marjerlyne | Diaz | $2,600.00 |
| Rebecca Sue | Dillon | $21,000.00 |
| Joette Jane | Ditch | $20,000.00 |
| Heather | Dixon | $5,400.00 |
| Cindy | Doxsie | $7,500.00 |
| Edward | Dundon | $32,566.95 |
| Amanda | Dyer | $2,600.00 |
| Bruce | Eckert | $16,000.00 |
| Office Manager | Eide Motors | $21,600.00 |
| Terry | Eisenman | $46,990.00 |
| Donatus | Ejike | $2,500.00 |
| Christian D. | Elizondo | $17,995.00 |
| Frank | Emory | $21,200.00 |
| Annabel | Filbert | $18,000.00 |
| Dany | Fillion | $19,000.00 |
| Peter C. | Flaherty | $11,000.00 |
| Larry M. | Floyd | $19,500.00 |
| Carl | Fontaine | $14,500.00 |
| Mike | Foust | $5,200.00 |
| Kenneth | Franklin | $16,400.00 |
| Ruth V. | Gaines | $23,000.00 |
| Monica | Galvin | $2,950.00 |
| Manuel | Garcia | $4,700.00 |
| Jamaar | Garden | $2,300.00 |
| William | Geisler | $17,500.00 |
| Yamileth | Godinez | $2,700.00 |
| Richard T. | Gonzales | $29,000.00 |
| Haydie | Gonzalez | $12,500.00 |
| Hector | Gonzalez | $5,300.00 |
| Richard | Gouldbourne | $10,000.00 |
| Mary Susan | Graves | $14,900.00 |
| George | Gray | $24,242.90 |
| David | Green | $35,000.00 |
| Dwan | Greenwaldt | $24,000.00 |
| Ricardo | Guzman | $2,300.00 |
| Monica | Hall | $1,500.00 |
| Jeff | Hammer | $18,000.00 |
| Richard | Hanchar | $39,985.00 |
| Christine G. | Hansen | $30,000.00 |

| | | |
|---|---|---|
| Nora Jean | Harmon | $9,800.00 |
| Robert H. | Harmon | $14,000.00 |
| Gary | Harrison | $2,900.00 |
| James | Hartigan | $44,200.00 |
| Henrik | Haugaard | $16,040.00 |
| Joseph T. | Herubrin | $17,296.34 |
| Guadalupe | Hernandez | $6,700.00 |
| Phu Duc | Ho | $46,200.00 |
| Tamerrick Devon | Holloman | $12,500.00 |
| Alan W. | Howell | $945.21 |
| Brittany | Humbert | $47,000.00 |
| Corey | Hutzenbeler | $15,000.00 |
| Ron | Ilk | $22,000.00 |
| Chad | Isaacs | $37,500.00 |
| Sailor | Jackson | $11,100.00 |
| Howard | James | $19,000.00 |
| Terry L. | James | $15,300.00 |
| Javid | Javdani | $20,000.00 |
| Sandra | Jimenez | $40,000.00 |
| Karl | Johansson | $21,475.00 |
| Deborah | Johnson | $14,300.00 |
| Anushka | Kalicharan | $4,000.00 |
| Paul H. | Kaplan | $72,500.00 |
| Noorali | Karim | $24,800.00 |
| Jim | Kennedy | $16,400.00 |
| Nasar | Khan | $36,500.00 |
| Herman | Kirkland | $25,388.00 |
| Yaniv | Konfino | $18,000.00 |
| Robert | Kristof | $20,000.00 |
| Faezeh A. Eduljee | Kurosh | $14,300.00 |
| David | Kutoff | $39,500.00 |
| Diana | Lake | $2,500.00 |
| Jadranka | Laus | $15,533.18 |
| Priscilla A. | Leitch | $10,100.00 |
| Michael | Lenyo | $5,400.00 |
| Kelly & Jonathan | Leu | $14,000.00 |
| David | Lewis | $7,200.00 |
| Victor | Lin | $14,000.00 |
| Lisa | Liou | $19,900.00 |
| Thomas | Little | $14,300.00 |
| Bradley D. | Lochman | $25,388.00 |
| Jackie | Lofton | $10,000.00 |
| Marco | Lopez | $4,800.00 |
| Wymond | Love | $18,900.00 |
| Lisa Heinz | Marino | $23,956.87 |
| Tommy | Marshall | $15,000.00 |
| Jay | Martin | $26,000.00 |
| Laura | Mayeaux | $15,900.00 |
| Brian | McCarthy | $47,000.00 |
| Ian | McGilivramy | $10,700.00 |
| Amber | McIntosh | $2,900.00 |
| Bradley | McKitterick | $7,400.00 |

| First | Last | Amount |
|---|---|---|
| | Meadowreag Farms | $66,965.00 |
| Lisa | Mejia | $4,000.00 |
| Nancy G. | Melton | $4,800.00 |
| Thomas | Metzger | $10,900.00 |
| Daniel & Annabelle | Miller | $29,000.00 |
| Lynne C. | Miller | $7,400.00 |
| Charles | Mills | $22,000.00 |
| Christina | Mireless | $2,800.00 |
| Carmen | Morales | $2,300.00 |
| Attila & Charles | Morgan | $28,500.00 |
| Sam S. | Morrison | $6,700.00 |
| Edgar & Cheryl | Mosqueda | $21,050.00 |
| Maureen | Mullin | $8,350.00 |
| Wallace | Murdoch | $32,000.00 |
| Rick | Murphy | $12,600.00 |
| Yolanda | Navarette | $16,000.00 |
| Craig | Neal | $15,900.00 |
| Saud | Negash | $14,171.96 |
| C. Gale | Nemec | $14,167.12 |
| Irving K. | Nemi | $14,000.00 |
| Scott | Newman | $9,500.00 |
| Milton Lester | Newsome | $13,199.00 |
| Stifel | Nicolaus | $13,000.00 |
| Larry | Northup | $10,000.00 |
| Joseph | Nowicki | $2,900.00 |
| Mark | Nuccio | $20,500.00 |
| Jeff B. | Oakley | $14,000.00 |
| Duston | Odea | $2,900.00 |
| Suzanne | Oliver | $7,500.00 |
| Manuel & Guadalupe | Ortiz | $9,000.00 |
| Charlie | Ottinger | $5,700.00 |
| Claude | Parent | $130,000.00 |
| Samuel J. | Parker | $78,700.00 |
| Donald | Pascucci | $18,000.00 |
| Isidro A. | Payamps | $17,500.00 |
| Calvin | Peerson | $27,500.00 |
| Gordon L. | Peters | $9,000.00 |
| Brendan Newman | Pickering | $45,930.31 |
| Rafael | Pina | $22,000.00 |
| Karl Nigel | Piper | $16,000.00 |
| Richard | Pollack | $14,300.00 |
| Constantin | Popa | $14,500.00 |
| Jean Pierre | Poulleau | $55,000.00 |
| Thomas | Prybyloski | $9,800.00 |
| Robert | Raymond | $14,900.00 |
| David M. | Rayner | $14,000.00 |
| Alisa | Reed | $2,200.00 |
| Stacy Lynne | Rhone | $19,900.00 |
| John D. | Rigby | $2,496.00 |
| Jason | Rigdon | $3,000.00 |
| Andres | Rivera | $23,000.00 |

| | | |
|---|---|---|
| Clary | Rodriguez | $3,200.00 |
| Jarell | Rodriguez | $2,300.00 |
| F. Michael & Patricia | Rogers | $11,100.00 |
| David J. | Rosenfeld | $6,400.00 |
| Parmjit Kaur | Sandhu | $719.05 |
| Eric M. | Scheufler | $14,000.00 |
| Jay | Schults | $2,500.00 |
| Jeffery | Scott | $4,000.00 |
| Daniel | Segura | $20,000.00 |
| Omar Mohammad | Shams | $8,472.00 |
| Edvard | Sinjankovich | $10,000.00 |
| Cynthia H. | Smith | $14,500.00 |
| Jentri | Smith | $19,900.00 |
| Mark | Smith | $24,790.00 |
| Michael | Soulieres | $14,000.00 |
| Jennifer | Spears | $19,900.00 |
| John | Spence, Jr. | $17,200.00 |
| Leah | Stanley | $2,900.00 |
| William A. | Still | $7,000.00 |
| Andreas | Strecker | $9,755.36 |
| Tom | Sudheimer | $13,000.00 |
| James & Susan | Swain | $12,900.00 |
| Theron | Swain | $12,000.00 |
| Christian | Tanguy Lingyun | $15,000.00 |
| Anastasia | Teu | $7,850.00 |
| Andy | Thomas | $15,000.00 |
| Lars G. | Thureson | $10,000.00 |
| Kathryn & Michael | Titus | $5,168.64 |
| Henry Kie | Tong | $12,400.00 |
| David | Tucker | $7,200.00 |
| Kesley J. | Umana | $2,453.00 |
| Joe | Van Burgh | $16,900.00 |
| Charles & Jennifer | Vanderminden | $14,200.00 |
| Travis | Voing | $16,000.00 |
| Christopher M. | Walcott | $22,000.00 |
| William | Walls | $32,900.00 |
| Phillippe M. | Walser | $16,971.48 |
| Robert A. | Warden | $17,000.00 |
| James | Watkins | $2,650.00 |
| Nick J. | Weber | $6,679.00 |
| Christian | White | $5,500.00 |
| Mark Dillon | Williams | $15,700.00 |
| Mark F. | Wilson | $28,500.00 |
| Robert | Wilson | $31,900.00 |
| Scott | Wolf | $18,372.00 |
| Doug | Wolff | $15,300.00 |
| Guy | Woodward | $18,200.00 |
| Alejandro | Yepez | $5,500.00 |
| Bradley | York | $8,000.00 |
| Dustin C. | Zander | $10,000.00 |



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:10-CR-579-GMN-(RJJ) |
| CORNELIU WEIKUM, | ) ) | 2:12-CR-346-GMN-(RJJ) |
| Defendant. | ) ) | |

**FINAL ORDER OF FORFEITURE**

On September 20, 2012, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); and Title 31, United States Code, Section 5332 and 5317 based upon the plea of guilty by defendant CORNELIU WEIKUM to a criminal offense, forfeiting specific property alleged in the Criminal Indictment and the Bill of Particulars and agreed to in the Plea Memorandum and the Supplemental Plea Memorandum, and shown by the United States to have the requisite nexus to the offense to which defendant CORNELIU WEIKUM pled guilty. Criminal Indictment, ECF No. 19; Bill of Particulars, ECF No. 73; Plea Memorandum, ECF No. 74; Supplemental Plea Memorandum, ECF No. 75; Minutes of Change of Plea Proceedings, ECF No. 80; Preliminary Order of Forfeiture, ECF No. 78.

This Court finds the United States of America published the notice of the forfeiture in accordance with the via the official government internet forfeiture site, www.forfeiture.gov, consecutively from September 27, 2012, through October 26, 2012, notifying all third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 81.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 31, United States Code, Sections 5332 and 5317; and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law:

a) $20,000.00 in United States Currency in a package(s) sent by defendant Yulia Mishina-Heffron and seized by Department of Homeland Security - Homeland Security Investigations on or about March 11, 2010;

b) $1,089,300.00 in United States Currency seized from defendant Corneliu Weikum on or about October 22, 2010 at Las Vegas McCarran International Airport;

c) $248,800.00 in United States Currency seized by Department of Homeland Security - Homeland Security Investigations from a storage locker in Central District of California and controlled by the defendants on or about June 9, 2010;

d) $6,560.00 in United States Currency seized from the defendants incident to arrest on or about November 15, 2010;

e) a Chanel watch seized from the defendants incident to arrest on or about November 15, 2010; and

f) two Virtu phones seized from the defendants incident to arrest on or about November 15, 2010 ("property").

. . .

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this ___21___ day of ___Dec___, 2012.

_____
UNITED STATES DISTRICT JUDGE